UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHIGAN STATE TREASURER,

       Plaintiff,

                                          File No. 2:09-CV-241

v.

                                          HON. ROBERT HOLMES BELL

KEVIN D. WILSON, et. al.,

       Defendants.
                                      /

## MEMORANDUM OPINION AND ORDER

      Before the Court is a motion to remand by Plaintiff Michigan State Treasurer. (Dkt. No. 7.) This action was commenced in Circuit Court in Marquette County to recover assets towards the cost of Defendant Kevin Wilson's incarceration pursuant to the State Correctional Facility Reimbursement Act (SCRFA), Mich. Comp. Laws § 800.401, et seq. Plaintiff seeks to garnish funds from an individual retirement annuity paid to Defendant Wilson. Defendant Wilson removed this matter to federal court pursuant to 28 U.S.C. § 1441(b), arguing that Plaintiff's state law claims are preempted by ERISA and that the state court will not enforce ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), citing 28 U.S.C. § 1443. Defendant also argues that he intends to assert a federal law counterclaim for violation of his Fourteenth Amendment rights.

      Title 28, section 1441(b), allows removal of a civil action of which the federal courts have original jurisdiction. "In determining whether a claim arises under federal law for purposes of

removal, [the court] must examine the well-pleaded allegations on the face of the complaint and ignore any potential defenses." *Paluda v. ThyssenKrupp Budd Co.*, 303 F. App'x 305, 308 (6th Cir. 2008). Plaintiff's complaint is based on a state law claim that is subject to the exclusive jurisdiction of the state courts. *See* Mich. Comp. Laws § 800.404(1) ("The circuit court shall have exclusive jurisdiction over all proceedings under this act.").

Defendant's potential defenses and counterclaims do not transform this case into one arising under federal law. *See Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) ("[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

Defendant argues the complaint states a federal claim because it is preempted by ERISA and is therefore federal in character. *See* 29 U.S.C. § 1144(a). A complaint that purports to raise only state law claims is removable if those claims are necessarily federal in character because they are preempted by federal law. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987). However, "only if the claim is 'complete[ly] preempt[ed]' by ERISA, that is, when the action is to recover benefits, enforce rights or clarify future benefits under an ERISA plan, is the action subject to removal to the federal courts." *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001) (quoting *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995)).

Defendant raises ERISA as a defense or counterclaim. Plaintiff's action is not one to recover benefits, enforce rights or clarify future benefits under an ERISA plan. Moreover,

2

ERISA applies to *employee* benefits or pension plans, not to individual retirement accounts generally. *See* 29 U.S.C. § 1003(a) ("[T]his chapter shall apply to any employee benefit plan . . . ."); 29 U.S.C. § 1002(1)-(3) (defining employee benefit and pension plans); 29 C.F.R. § 2510.3-2(d) (defining employee benefit pension plans vis-à-vis individual retirement accounts). Plaintiff contends that the annuity at issue is not an employee plan; Defendant does not respond to this assertion.

Defendant's reliance on 28 U.S.C. § 1443 for removal is unavailing because that section applies to civil actions against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States," or "[f]or any act under color of authority derived from any law providing for equal rights . . . ." *Id.* Plaintiff's action does not fulfill the foregoing criteria.

For the foregoing reasons, this Court does not have original jurisdiction over this action and it will be remanded. Accordingly,

**IT IS HEREBY ORDERED THAT** Plaintiff Michigan State Treasurer's motion to remand (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** this action is **REMANDED** to the Circuit Court for the 25th Judicial District in Marquette County, Michigan.


Dated: May 14, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE